[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10330
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 16, 2010
JOHN LEY
CLERK

D.C. Docket No. 7:09-cr-00273-CLS-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN PATRICK RIFFE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 16, 2010)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Steven Patrick Riffe appeals the 168-month total sentence he received after he pled guilty to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), one count of possession of child pornography, in violation of § 2252A(a)(5)(B), and one count of criminal forfeiture, pursuant to § 2253(a)(1), (a)(3). Riffe asserts he should not have received a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) because he was not convicted of distribution of child pornography. He further contends his sentence is procedurally and substantively unreasonable because the district court's explanation for his sentence was insufficient and the court failed to consider the factors listed in 18 U.S.C. § 3553(a). Lastly, Riffe argues the "amount of images" enhancement pursuant to U.S.S.G. § 2G2.2(b)(7)(D), violates the separation of powers doctrine. After review, we affirm Riffe's sentence.

Prior to his sentencing hearing, Riffe filed a written objection to the pre-sentence report specifically objecting to the legal conclusion that he had distributed child pornography. He did not, however, object to the facts in the PSI which showed he used Limewire, a peer-to-peer file-sharing program, to obtain and store child pornography images on his computer. Therefore, it is undisputed that Riffe obtained child pornography through the use of file-sharing software, stored such pornography in his shared folder, and the police downloaded

2

pornography directly from that folder. We find no error in the district court's application of the § 2G2.2(b)(3)(F) distribution enhancement.

Additionally, we conclude Riffe's 168-month total sentence was both procedurally and substantively reasonable. The district court correctly calculated the advisory guideline range and stated the range was advisory. The court made clear it had considered the § 3553(a) factors, and it emphasized the seriousness of the offense and the need for specific deterrence. The court's sentence of 168 months represented the lowest end of the applicable guideline range of 168-210 months, and we ordinarily expect such a sentence to be reasonable. *See United States v. Talley*, 431 F.3d 784,788 (11th Cir. 2005).

Lastly, the district court did not commit plain error when it applied an "amount of images" enhancement pursuant to U.S.S.G. § 2G2.2(b)(7)(D). Although this Court nor the Supreme Court has previously addressed the constitutionality of the enhancement, other circuits have upheld the statute's constitutionality. *See, e.g., United States v. Rogers*, 610 F.3d 975, 977-78 (7th Cir. 2010); *United States v. Bastian*, 603 F.3d 460, 465 (8th Cir. 2010).

**AFFIRMED.**